FILED
98 JUL 20 PM 3:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CURTIS RAY HOLT, | ) |
| Petitioner, | ) ) ) |
| v. | ) CIVIL ACTION NO. 97-PT-2255-NE |
| RALPH HOOKS, Warden; ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ) ) ) ) |
| Respondents. | ) |

ENTERED
JUL 20 1998

## MEMORANDUM OPINION

On June 23, 1998 the magistrate judge's findings and recommendation was filed. The magistrate judge recommended that the petition be dismissed with prejudice on the basis that the petition is barred by the one year limitation period set forth in 28 U.S.C. § 2244. Alternatively, the magistrate judge recommended that the petition be denied.

Petitioner's counsel filed objections. After reviewing the record, the findings and recommendation of the magistrate judge and the objections thereto, the court concludes that the objections lack merit.

With respect to petitioner's assertion that the facts as stated by the magistrate judge were incomplete, the court concludes that the magistrate judge included the pertinent facts in his findings and recommendation. Petitioner's "crucial events" are more argumentative than factual in nature.

With respect to petitioner's allegation that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) is unconstitutional because it is a suspension of the privilege of habeas corpus, the court notes that the United States Supreme Court has found the AEDPA to be

13

constitutional in at least two contexts. *See Lindh v. Murphy*, ___ U.S. ___, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (Section 2254(d) as amended by the AEDPA constitutionally may be applied to habeas cases filed after AEDPA's effective date.); *Felker v. Turpin*, ___ U.S. ___, 117 S.Ct. 451, 136 L.Ed.2d 346 (1996) (Court upheld the constitutionality of the AEDPA amendments which restrict second or successive habeas applications.)

To the extent that petitioner argues that the AEDPA is "inapplicable to him because he was not accused or convicted of a terrorist act," petitioner's reading of the Act's title is simply too literal. The Act contains nine discrete titles in its table of contents, the first title is "Habeas Corpus Reform." This title is not limited to habeas petitions involving crimes of terrorism. Further, the court notes that the magistrate judge alternatively considered the claims and concluded that the claims were procedurally barred from federal review.

Counsel argues that the magistrate judge wishes "to deny petitioner an opportunity to ever present the substance of his claims solely based upon the abuse of procedure against a man who had no representation until recently." Counsel further argues that petitioner has shown cause for his procedural default because:

> Time and again petitioner has noted the problems due to his reliance upon the mistaken advice of counsel. Frankly, had his [trial] attorney not given petitioner the wrong advice back on November 20, 1994, this entire matter should have been properly settled in the Alabama appellate courts long ago.

Ineffective assistance of counsel must be attributable to the state in order to constitute cause to excuse a procedural default; however, ineffective assistance of counsel can only be attributable to the state if the Sixth Amendment requires that the state provide the defendant with

2

effective counsel. *Coleman v. Thompson*, 501 U.S. 722, 754 (1991). There is no constitutional right to counsel in collateral proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Therefore, the ineffective assistance of <u>trial</u> counsel cannot constitute cause for <u>petitioner's</u> failure to timely file a <u>Rule 32 petition</u> within the limitation period.

Petitioner's alleged ignorance of the state post-conviction limitation period will not constitute cause for his procedural default. In *Tower v. Phillips*, 7 F.3d 206 (11th Cir. 1993), the petitioner alleged that his attorney informed him that he could not appeal and that he did not learn of the availability of the state post-conviction remedies until more than three years after the deadline for filing such motion. The court held:

> Neither of the reasons for Towler's delay can excuse his procedural default, however. It is well established that a petitioner has no right to counsel in post-conviction proceedings. *Coleman [v. Thompson]*, 501 U.S. [772, 752 (1991)]. Thus, an attorney's failure to institute timely collateral proceedings cannot excuse a procedural default. It is also established that ignorance of available post-conviction remedies cannot excuse a procedural default. *McCoy v. Newsome*, 953 F.2d 1252 (11th Cir.), *cert. denied*, 504 U.S. 944, 112 S.Ct. 2283, 119 L.Ed.2d 208 (1992); *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.), *cert. denied*, 498 U.S. 834, 111 S.Ct. 102, 112 L.Ed.2d 73 (1990).

7 F.3d at 211.

On September 8, 1993 the Alabama Court of Criminal Appeals stated that "petitioner's remedy, if any, is by way of a petition for post-conviction relief." (Respondents' Exhibit A). Petitioner filed his first habeas petition on July 20, 1994 and the petition was dismissed without prejudice on his motion on October 7, 1994. Petitioner filed his second federal habeas petition on July 12, 1996. On

3

November 18, 1996 petitioner filed a motion to dismiss without prejudice which was granted on January 8, 1997. Counsel states that petitioner dismissed these petitions so that he could exhaust his available state remedies; however, petitioner did not file his first Rule 32 petition in state court until December of 1996, more than two years after dismissing his first federal habeas petition so that he could exhaust his available state remedies[1] and more than three years after the Alabama Court of Criminal Appeals stated that petitioner's "remedy, if any, is by way of a petition for post-conviction relief." (Respondents' Exhibit A).

Having considered the objections and determined them to be without merit, the court concludes that the magistrate judge's findings are due to be ADOPTED and the recommendation is due to be ACCEPTED and the petition for writ of habeas corpus is due to be DISMISSED as the petition is barred by the one year limitation period set forth in 28 U.S.C. § 2244(d)(1) or, alternatively, is due to be DENIED as the claims are procedurally barred from federal review.

A Final Judgment consistent with this memorandum opinion will be entered simultaneously herewith.

**DONE** this the 16 day of July, 1998.

ROBERT B. PROPST
UNITED STATES DISTRICT JUDGE

---

[1] The Rule 32 petition was also filed more than four months after petitioner's second federal habeas petition was filed.

4